**United States District Court**
**Western District of New York**

Kevin Ashby,
          Plaintiff

  -against-

James A. Murphy III, Joseph Abraham,
Edward Silverstrini, Joel M. Grundy, Holly E. Sloma,
Michael J. Violante, Jean Petronio
(sued in their professional and individual capacities),
New York State Department of Financial Services,
Niagara County District Attorney's Office &
United Frontier Mutual Insurance Company,
          Defendants.

Index No:
Filed:

**COMPLAINT**

17 CV1099

*FILED OCT 30 2017 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY*

    Here Comes Plaintiff, Kevin Ashby, proceeding Pro-Se, a layperson to the law, complaining of the Defendants herein, setting forth and alleging as follows:

### PARTIES

    1. Kevin Ashby, the plaintiff is a natural person and a resident of the State of New York. At all times relevant to the matters complained of herein the Plaintiff resided at and worked from 1101 South Ave, Niagara Falls, NY 14305 and had a P.O. Box address of 256 3rd St. Suite 12 Box 107, Niagara Falls, NY 14301 in the county of Niagara, State of New York.

    2. Defendants, James A. Murphy III and Joseph Abraham were peace officers for the New York State Department of Financial Services, Criminal Investigations Unit, working within this jurisdiction and under color of state law.

    3. Defendant, Edward Silverstini was deputy chief investigator for the New York State Department of Financial Services, working within this jurisdiction and under the color of state law.

    4. Defendants, Joel M. Grundy and Holly E. Sloma were Assistant District Attorneys for

1

the Niagara County District Attorney's Office, working within this jurisdiction and under the color of state law.

5. Defendant, Michael J. Violante was the Niagara County District Attorney holding office of the Niagara County District Attorney, working within this jurisdiction and under the color of state law.

6. Defendant Jean Petronio is a natural person who was employed as Vice President Claims Administrator for United Frontier Mutual Insurance Company whom conspired, colluded and collaborated with state actors to violate the plaintiff's constitutional and civil rights.

7. Defendant, United Frontier Mutual Insurance Company is an insurance company which is an incorporated entity whom the Plaintiff entered into a business relationship with by purchasing an insurance policy and whose employee(s), representatives or agents engaged in wrongful and or illegal acts violating the Plaintiff's rights.

## JURISDICTION

8. Pursuant to 28 U.S. Code § 1343 -this Court has direct jurisdiction as this complaint is brought forward under 42 U.S. Code § 1983 - Civil action for deprivation of rights as the Defendants conspired, colluded and cooperated with a peace officer acting under color of State.

9. Pursuant to 28 U.S. Code § 1331 -this Court also has jurisdiction, as there is federal question.

10. Pursuant to 28 U.S. Code § 1343 – this Court also has original jurisdiction for this civil action brought forward under 42 U.S. Code § 1985 – deprivation of rights in furtherance of conspiracy and failure to prevent wrongs.

11. Pursuant to 28 U.S. Code § 1367 - this Court also has supplemental jurisdiction as to State claims that arise due to the same actions complained of herein.

12. For any other reason(s) this honorable Court may see fit to retain jurisdiction.

## FACTUAL AVERMENTS

13. The Defendants conspired, colluded, collaborated and cooperated with James A. Murphy III, a peace officer acting under color of State, working as an agent of the New York State Department of Financial Services, Insurance Fraud Division, to violate the Plaintiff's civil and constitutional rights.

14. On or about June 17, 2014, the plaintiff Kevin Ashby contacted Jean Petronio at Frontier Mutual Insurance Company to file a claim in relation to loss of property from a burglary experienced at his leased residence in the City of Niagara Falls, County of Niagara known as 1101 South Avenue, in Niagara Falls, New York.

15. Shortly after July 1, 2014 when the plaintiff submitted a police report to Defendants Jean Petronio and Frontier Mutual Insurance Company, Petronio sent a letter to the Plaintiff denying coverage of his claim on his $25,000 policy, closing the case and citing deficiencies with the police report which would have left payment on the claim at $250 once the deductible of $500 was applied.

16. On or around July 11, 2014, the plaintiff submitted an amended police report to Petronio and Frontier Mutual which listed a detailed, more comprehensive estimation of the value of the stolen property at $27,000.

17. Petronio did not like or appreciate the amount of loss property claimed by the plaintiff via the amended police report which was submitted after her hasty, erroneous and initial denial of the claim.

18. Petronio and United Frontier Mutual Insurance did not want to honor the plaintiff's

valid claim, did not want to honor their policy or contract with the plaintiff and ultimately did not want to pay-out money to the plaintiff.

19. Defendant Petronio engaged in discriminatory and dilatory tactics in the handling and the processing of the plaintiff's valid claim.

20. On or before August 18, 2014, the plaintiff filed a consumer complaint against the defendants Jean Petronio and United Frontier Mutual with the New York State Department of Financial Services which was assigned a case no. of CSB-2014-1058490.

21. The discriminatory and dilatory tactics by the Defendants, Jean Petronio and United Frontier Mutual Insurance Company escalated and continued with the hiring of a law firm to handle the plaintiff's claim and consumer complaint in addition to the late scheduling of an Examination Under Oath (EUO) and the unlawful early termination of his insurance policy. The plaintiff was presented with a letter at the EUO; he was pressured to sign but refused to sign because it was an intentional false statement produced by the defendants meant to entrap the plaintiff in admitting criminal wrong-doing.

22. In retaliation and response to the plaintiff's complaint filed with the New York State Department of Finance, the Defendants Jean Petronio and United Frontier Mutual Insurance Company filed a complaint with the same organization claiming fraudulent and suspicious activity, seeking criminal prosecution against the plaintiff.

23. On or about August 21, 2014, the New York State Department of Financial Services, Criminal Investigation Unit opened a criminal investigation case against plaintiff, Kevin Ashby which was assigned a case no. of 2014-C-000243.

24. On or about October 30, 2014, Defendant Joel M. Grundy, in his official capacity as

4

Assistant District Attorney joined the New York Department of Financial Services, Criminal Investigation Unit in their investigative duties by drafting subpoenas and commanding that StateFarm Insurance of Canada disclose the plaintiff's nonpublic personal financial account information in regard a personal property claim of 2012 and an automobile claim of 2013.

25. The governmental agent's request was fulfilled and the record/CD of insurance and financial indemnity was sent by the insurance company in contravention to the Gramm–Leach–Bliley Act (GLBA).

26. The plaintiff was never served with "Notice" by Joel Grundy or the Niagara County District Attorney's Office as specifically required pursuant to 12 U.S.C. § 3401 et. seq., The Right to Financial Privacy Act of 1978 via 15 U.S.C. § 6802(e)(5).

27. The Defendant, Joel M. Grundy's request was made in in contravention to the Gramm–Leach–Bliley Act (GLBA) and the Right to Financial Privacy Act (RFPA), violating the plaintiff's statutory and constitutional rights to privacy and thereby the plaintiff's civil rights.

28. The Defendant, Joel M. Grundy's request via grand jury subpoena from the Niagara County District Attorney's office was wrongful and took no judicial note of the foreign privacy law of Canada, the Personal Information Protection and Electronics Document Act (PIPEDA) which prohibits transferring personal information about Canadians across borders without the consent of the individual to whom the information relates.

29. On October 31, 2014, the Defendant's Jean Petronio and United Frontier Mutual Insurance Company denied the plaintiff's claim for loss of property and was in breach of contract.

30. In the month of December 2014, Defendant, James Murphy with the New York State

Department of Financial Services began a criminal investigation into the plaintiff, Kevin Ashby regarding insurance fraud.

31. On or about December 15, 2014, Defendant James Murphy with the New York State Department of Financial Services wrongfully sought and obtained private documents from a business that leased the Plaintiff's residence. These documents included a rental application, Tenant Ledger, Niagara County Social Service Application and United States Social Security Administration document.

32. On December 19, 2014, James Murphy illegally obtained a CD from American Bankers Insurance (ABI) which contained full indemnity account information about an insurance claim with a date of loss of June 23, 2009 filed by the Plaintiff, a former customer of ABI.

33. One or several John or Jane Doe(s) working for ABI corresponded with and illegally fulfilled Defendants' James Murphy and the New York State Department of Financial Services request for this insurance account information on or about December 9, 2014 through December 19, 2014.

34. The governmental peace officer's request was fulfilled and the record/CD of insurance and financial indemnity was sent by the insurance company in contravention to the Gramm–Leach–Bliley Act (GLBA).

35. The plaintiff was never served with "Notice" by James Murphy or the New York State Department of Financial Services as specifically required pursuant to 12 U.S.C. § 3401 et. seq., The Right to Financial Privacy Act of 1978 via 15 U.S.C. § 6802(e)(5).

36. On January 16, 2015, James Murphy contacted QBE Insurance by telephone to

request and obtain from the insurance company full indemnity account information about insurance claims with dates of loss of September 5, 2008 and January 15, 2009 filed by the Plaintiff, a former customer.

37. The governmental peace officer's request was fulfilled and the records of insurance and financial indemnity was sent by the insurance company in contravention to the Gramm–Leach–Bliley Act (GLBA).

38. The plaintiff was never served with "Notice" by James Murphy or the New York State Department of Financial Services as specifically required pursuant to 12 U.S.C. § 3401 et. seq., The Right to Financial Privacy Act of 1978 via 15 U.S.C. § 6802(e)(5).

39. On January 20, 2015, Defendant, James Murphy engaged in an investigatory conference with the Defendant Joel Grundy.

40. Defendant Joel Grundy conspired and colluded with defendant James Murphy to violate the plaintiff's civil rights and then Grundy supplied the illegally obtained State Farm Canada account information to Murphy during their conference on January 20, 2015.

41. Defendant James Murphy, later utilized this unlawfully obtained nonpublic personal information to falsely accuse and file felony criminal charges against the Plaintiff.

42. In December 2014, Defendant James Murphy called the plaintiff on the telephone and deceptively requested an interview in regard the complaint the plaintiff had filed with the New York State Department of Financial Services.

43. The plaintiff explained that Murphy's suggested meeting date during Christmas week was too busy and suggested scheduling after the holiday season.

44. The plaintiff agreed to meet with defendant James Murphy on January 26, 2015 at an

office in downtown Buffalo, New York to discuss his complaint against the defendant insurance company, Untied Frontier Mutual Insurance.

45. Defendant James Murphy lied about the intent of this meeting and never informed the plaintiff that he was an officer of the law, investigating a criminal matter.

46. Defendant James Murphy deceptively interrogated the plaintiff at their January 16, 2015 meeting under the guise of an interview. The interrogation was recorded without the knowledge of the plaintiff.

47. Both defendants, James Murphy and Joseph Abraham wore plain clothing to the investigative interrogation and did not introduce themselves as officers of the law.

48. Both defendants, James Murphy and Joseph Abraham illegally and through deception had the plaintiff, Kevin Ashy, waive his Miranda rights unknowingly and unintelligently since neither law officers identified themselves as such or announced the true purpose of their presence.

49. Plaintiff, Kevin Ashby was not under arrest at the time of the Miranda reading and he had no idea he was dealing with law officers but rather was lead to believe they were consumer complaint advocates.

50. Plaintiff, Kevin Ashby's waiver of Miranda was obtained by defendants, Murphy and Abraham illegally by use of psychological coercion, trickery and deceit.

51. Defendants, James Murphy and Joseph Abraham then utilized this illegal recorded statement in violation of the plaintiff's constitutional right against self-incrimination to falsely accuse and file felony criminal charges against the Plaintiff.

52. Defendants, Murphy and Abraham falsely arrested the Plaintiff without warrant or exigent circumstances immediately after interrogation on January 26, 2015.

53. Defendants, Murphy and Abraham illegally seized the plaintiff by placing him in handcuffs and affected an illegal search and seizure of his personal property before transporting him to jail on January 26, 2015.

54. Defendant, James Murphy also engaged in other wrongful behavior in requesting and obtaining information which violated the plaintiff's rights against privacy and other constitutional rights.

55. Defendant, James Murphy arrested the Plaintiff on the felony charges of attempted grand larceny, insurance fraud, falsifying business records and perjury stating that the Plaintiff had attempted to steal $32,457.90 from Defendant United Frontier Mutual Insurance via submission of fraudulent receipts; receipts that had been previously used in prior claims and already claimed as loss or stolen.

56. The Plaintiff was wrongfully jailed for approximately 7 months, via charges laid by Mr. Murphy, based on the financial/insurance information that was illegally obtained, false statements made in affidavits by defendants James Murphy and Jean Petronio, illegally obtained interrogatory statements given by the Plaintiff and a statement that was created by defendant United Frontier Mutual through their attorney that the Plaintiff refused to sign.

57. It was not until later at a Court hearing that the Defendants were informed that the "duplicate receipts" were not claimed as stolen in the previous State Farm Canada claim but were only attached to that previous claim as "replacement items;" items purchased after the date of loss of that claim in accordance with a replacement clause in the that particular policy.

58. Defendants, Joel Grundy and Holly Sloma furthered their civil rights violations by trying to silence the plaintiff in his trying to assert his statutory and constitutional rights and affirming the law by having Orders of Protection brought against the Plaintiff.

9

59. Defendants, Grundy and Soma independently sought an Order of Protection without any instrument or document filed by the person the Order sought to protect. These actions were outside of their normal scope of litigation duties.

60. The Order of Protection was employed illegally by Grundy and Sloma; improperly utilized to silence the plaintiff in regard his rights to privacy and to bias the judge in the criminal matter.

61. Defendants, Grundy and Sloma maliciously prosecuted the plaintiff and engaged in prosecutorial misconduct in furtherance of the civil rights violations which they had committed in concert with Defendants James Murphy, Jean Petronio and United Frontier Mutual Insurance Company.

62. Defendant, Michael J. Violante as Niagara County District Attorney negligently failed to adequately train, instruct, supervise and control his employees as they violated law and the plaintiff's statutory, constitutional and civil rights.

63. Defendant, Michael J. Violante as Niagara County District Attorney negligently failed to take corrective action thereby neglected to prevent conspiracy to deprive the plaintiff's civil rights.

64. Defendants, Michaela J. Violante and the Niagara County District's Attorney has a policy of handling international information gathering which is in unlawful, shows deliberate indifference and in violation of citizen's constitutional rights.

65. Defendants, Michaela J. Violante and the Niagara County District's Attorney has a policy of encouraging illegal investigatory work through negligence in hiring, training, supervising which is unlawful and shows deliberate indifference to citizen's constitutional rights.

66. Defendant, Edward Silverstrini as Deputy Chief Investigator at the New York State

Department of Financial Services failed to adequately train, instruct, supervise and control his employees as they violated law and the plaintiff's statutory, constitutional and civil rights.

67. Defendant, Edward Silverstrini was involved in the New York State Department of Finance's criminal investigation, speaking with immigration officials on January 16, 2015 about the plaintiff. Silverstrini was complicit in the violation of the plaintiff's civil rights and neglected to prevent the conspiracy to violate the plaintiff's rights.

68. Defendants through administrative negligence and willful disregard for the Plaintiff's guaranteed citizenry rights assisted the said peace officer in violating many of the Plaintiff's civil and constitutional rights such as the right to liberty, the right to privacy, the right to due process, equal protection under the law, the right to be free from unreasonable searches and seizures without warrant or due process, and other constitutional, civil and state rights.

69. The Defendants deprived the Plaintiff of his civil rights, failed to prevent civil rights Violations by searching for and obtaining Plaintiff's nonpublic personal information without regard for the law or due process and then further violated the Plaintiff's civil rights by engaging in a cover-up and abusing process in order to have the plaintiff falsely arrested and maliciously prosecuted all in order to avoid payment of a valid insurance claim and to avoid liability and culpability in civil rights violations.

70. The Plaintiff is a visible minority, Black man and a member of a protected class of people. The Defendants discriminatorily violated the Plaintiff's civil and constitutional rights due to racial prejudice, denying equal protection and due process in contravention to 42 U.S.C. § 1981.

71. The plaintiff has suffered loss of liberty, financial loss, personal property, loss of

business property and loss of business income due to the conspiracy, colluding, negligence and wrongful acts of the Defendants

72. The plaintiff has suffered mental and emotional distress, economic loss and other irreparable harm due to the wrongful actions and negligence of Defendants.

## CAUSES OF ACTION

73. Plaintiff incorporates paras. 1-71 as if fully re-written herein.

74. Defendants, Jean Petronio and United Frontier Mutual Insurance failed to process the plaintiff's claim in accordance with the contract and NYS Insurance law. To justify this breach of contract and contravention of state laws, Petronio and United Frontier Mutual Insurance subjected plaintiff to false arrest and imprisonment, in contravention to his rights, as provided by the Fourth and Fourteenth Amendments to be free of unreasonable seizure and to due process of law. To this end there was malicious abuse of process, selective prosecution, defamation, giving false testimony and conspiracy to deprive constitutional rights.

75. Defendant peace officers, James Murphy & Joseph Abraham also subjected the plaintiff to false arrest and imprisonment, illegal search and seizure in contravention to the plaintiff's constitutional rights. This was accomplished after there was a violation of privacy and statutory violation of seeking and obtaining the plaintiff's financial records. This all brings rise to claims of defamation, selective prosecution, administrative negligence, malicious abuse of process, inducement of false testimony, violation of due process, violation of equal protection, conspiracy to deprive constitutional and civil rights.

76. Defendants Joel Grundy and Holly Solma violated the plaintiff's constitutional right to privacy and statutory right to privacy by seeking and obtaining the plaintiff's financial records illegally. This brings rise to claims of false arrest and imprisonment, conspiracy to deprive

constitutional and civil rights, failure to intervene in deprivation of civil rights, malicious prosecution, administrative negligence, malicious abuse of process, denial of right to fair trial, inducement of false testimony and selective prosecution.

77. Plaintiff leaves unstated "causes of action," and asserts any and all "causes of actions" to be gleaned from pleadings by this Honorable Court.

## PRAYER FOR RELIEF

78. WHEREFORE, Plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide the matter

c) award $100,000,000.00 U.S.D in monetary damages, including but not limited to actual, compensatory, consequential, nominal and collateral damages arising from this action along with punitive damages to the plaintiff and against defendants, holding each defendant wholly and severally liable;

d) award reasonable attorney fees, costs, disbursements, expenses, any and all other judgments this Honorable Court deems fit to award arising from this action.

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

_____        October 30, 2017
Signature of Plaintiff Pro-Se                       Date of Signing

Kevin A. Ashby, MSHS MBA
1967 Niagara Street #207
Niagara Falls, NY 14303
(716) 501-1014
kashby11@hotmail.com