UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN ASHBY,

                                            Plaintiff,

v.

JAMES A. MURPHY, III, *et al.*,

                                            Defendants.
_____

**REPORT AND RECOMMENDATION**

17-CV-01099-LJV-JJM

        This case was referred to me by Hon. Lawrence J. Vilardo for supervision of pretrial proceedings [18].[1] For the following reasons, I recommend that the defendant Edward J. Silvestrini be dismissed from the action pursuant to Fed. R. Civ. P. ("Rule") 25(a)(1).

## BACKGROUND

        The parties' familiarity with the allegations of the Complaint [1] is presumed. On May 11, 2020, a Suggestion of Death of Edward Silvestrini informing the parties that he passed away on November 19, 2016 [30]. Thereafter, I issued a Text Order [33] informing the parties that if a motion for substitution was not filed by August 10, 2020, that I would recommend that the action against defendant Silvestrini be dismissed. A copy of that Text Order [33] was mailed to plaintiff at the address he had provided to the Court. July 10, 2020 Remark. The August 10, 2020 deadline has passed and no motion for substitution has been filed or extension requested.

---

[1]     Bracketed references are to the CM/ECF docket entries.

**DISCUSSION**

Rule 25(a)(1) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed" (emphasis added).[2] Since more than 90 days have elapsed since the statement noting defendant Silvestrini's death was served on the parties and no motion for substitution (or for an extension) has been filed, the claims against defendant Silvestrini must be dismissed. *See* Scull v. Hennegan, 2018 WL 1433519, *1 (W.D.N.Y.), adopted, 2018 WL 1412416 (W.D.N.Y. 2018); Sparks v. Casual Male Retail Group, Inc., 2010 WL 5647109, *1 (W.D.N.Y. 2010), adopted, 2011 WL 283276 (W.D.N.Y. 2011); Perry v. Perry, 2014 WL 2993488, *2 (E.D.N.Y. 2014).

**CONCLUSION**

For these reasons, I recommend that defendant Silvestrini be dismissed from this action, with prejudice. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by September 4, 2020. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

---

[2] The only exception under this rule is for public officers sued solely in their official capacities. *See* Rule 25(d); Baron v. Miller, 2015 WL 1788945, *3 (N.D.N.Y. 2015). Since the only remaining claim against defendant Silvestrini is in his individual capacity (Decision and Order [6], pp. 10-11), that exception does not apply.

-3-

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: August 18, 2020

     /s/Jeremiah J. McCarthy
     JEREMIAH J. MCCARTHY
     United States Magistrate Judge