UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN ASHBY,

                        Plaintiff,         **REPORT AND RECOMMENDATION**

                                                  1:17-cv-01099-LJV-JJM

v.

JAMES A. MURPHY III, *et al.*,

                        Defendants.
_____

        Proceeding *pro se*, plaintiff alleges federal and state law claims against several defendants, including United Frontier Mutual Insurance Company ("United Frontier") and its Vice President/Claims Administrator Jean Petronio, arising from plaintiff's submission of a property loss claim under his insurance policy with United Frontier. Complaint [1].[1] This action has been referred to me by District Judge Lawrence J. Vilardo for supervision of pretrial proceedings, including initial consideration of dispositive motions [18].

        Before the court is the motion by defendants United Frontier and Petronio for dismissal of the Complaint against them pursuant to Fed. R. Civ. P. ("Rule") 12(c) [46]. My November 3, 2020 Text Order [47], which was both mailed and e-mailed to plaintiff, required him to respond to the motion by November 30, 2020, and he has not done so. Nevertheless, "[p]laintiff's failure to respond to the Rule 12(c) motion does not mean that the Court can automatically dismiss the complaint. Rather, if the pleadings are themselves sufficient to withstand dismissal, the complaint will not be dismissed simply because the complainant failed

---

[1]     Bracketed references are to CM/ECF docket entries. Page references are to CM/ECF pagination (upper right corner of the page).

to respond to a Rule 12(c) motion". Martin v. Performance Trans. Inc., 2019 WL 95803, *1 (W.D.N.Y. 2019); Maggett v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).

Therefore, notwithstanding plaintiff's failure to respond to the motion, I will address the sufficiency of plaintiff's remaining claims against these defendants.

## BACKGROUND

By Decision and Order dated December 4, 2019, Judge Vilardo dismissed plaintiff's federal claims with leave to replead within 45 days, but concluded that his state law claims - that Petronio and United Frontier "failed to process the plaintiff's claim in accordance with the [insurance] contract and NYS Insurance law" (Complaint [1], ¶74) - are "colorable" and therefore "survive screening". [6], pp. 17, 18.[2] However, defendants are not bound by that determination. See Steinmetz v. Annucci, 2018 WL 4765128, *2 (W.D.N.Y.), adopted, 2018 WL 4762254 (W.D.N.Y. 2018) ("at the time of Judge Vilardo's initial screening, defendants did not have an opportunity to address the Complaint. Therefore, defendants' motion is not barred by Judge Vilardo's screening Order").

In moving to dismiss, defendants argue that plaintiff's claim for breach of the policy is untimely (defendants' Memorandum of Law [46-3], pp. 5-7), that plaintiff lacks privity with defendant Petronio (id., pp. 7-8), and that there is no private right of action for violations of New York Insurance Law (id., pp. 8-10).

---

[2] Because plaintiff has not sought to replead his federal claims within the deadline set by Judge Vilardo, those claims remain dismissed.

## DISCUSSION

A.   **Standard of Review**

"In deciding a Rule 12(c) motion, [courts] employ the same standard applicable to dismissals pursuant to [Rule] 12(b)(6) . . . . To survive a Rule 12(c) motion, plaintiffs' complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

B.   **Alleged Breach of the Insurance Policy**

Although plaintiff alleges that he purchased an insurance policy from United Frontier and that defendants breached the policy (Complaint [1], ¶¶7, 29, 74), he did not attach the policy to the Complaint. "If a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it implicitly relies and which is integral to the complaint, the defendant may proffer that document when attacking the complaint for its failure to state a claim." Baraliu v. Vinya Capital, L.P., 2009 WL 959578, *4 (S.D.N.Y. 2009)

Accordingly, in moving to dismiss, defendants attach a copy of the insurance policy. [46-2], pp. 4-36. Condition 11(a)(2) of the policy states that "[n]o suit to recover for any property claim may be brought against us unless . . . the suit is commenced within 2 years after the loss". Id., p. 29. "A contractual limitation of two years after loss for the commencement of suit on a policy of insurance is valid and enforceable in New York." Myers, Smith & Granady, Inc. v. New York Property Insurance Underwriting Association, 201 A.D.2d 312, 312 (1st Dept. 1994), aff'd, 85 N.Y.2d 832 (1995). "Such limitations have been considered to be conditions precedent to recovery." Appleman on Insurance Law 2d §11601; Williams v. Fire Association of Philadelphia, 119 A.D. 573, 574 (4th Dept. 1907).

Therefore, "[s]ince an insurer's duty under the policy of insurance does not arise until the conditions precedent have occurred or been performed, it is incumbent on a plaintiff seeking recovery under the insurance policy to allege that all the conditions precedent to recovery have been fulfilled". LeChase Construction Services, LLC v. Escobar Construction, Inc., 2019 WL 2743637, *8 (N.D.N.Y. 2019). While Rule 9(c) provides that "it suffices to allege generally that all conditions precedent have . . . been performed", plaintiff makes no such allegation - nor could he, since the alleged loss occurred on or before June 17, 2014 (Complaint [1], ¶14), whereas this action was not commenced until October 30, 2017.

Having failed to allege compliance with the two-year time limitation of the United Frontier policy, the Complaint fails to plausibly allege a claim for breach of the policy, and that claim should therefore be dismissed, with prejudice.[3]

## C.   Alleged Violation of the New York Insurance Law

Plaintiff also alleges that defendants United Frontier and Petronio "failed to process [his] claim in accordance with . . . NYS Insurance Law". Complaint [1], ¶74. Although plaintiff fails to identify the New York Insurance Law section upon which he relies, defendants presume he is referring to §2601, entitled "Unfair claim settlement practices; penalties" (defendants' Memorandum of Law [46-3], p. 8), and plaintiff does not suggest otherwise.

As defendants point out, §2601 does not create a private cause of action. Id., pp. 8-10; New York University v. Continental Insurance Co., 87 N.Y.2d 308, 318 (1995) ("the statute does not permit a private right of action in favor of an insured"). Therefore, this claim should likewise be dismissed.

---

[3]   Plaintiff's claim for breach against defendant Petronio should also be dismissed because she was not a party to the insurance policy. See defendants' Memorandum of Law [46-3], pp. 7-8).

- 4 -

## CONCLUSION

For these reasons, I recommend that defendants' motion [46] be granted, and that the Complaint [1] be dismissed, with prejudice. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by January 11, 2021. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: December 23, 2020

/s/ Jeremiah J. McCarthy<br>
JEREMIAH J. MCCARTHY<br>
United States Magistrate Judge