UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN ASHBY,

       Plaintiff,

  v.                                        17-CV-01099-LJV-JJM
                                            DECISION & ORDER
JAMES A. MURPHY, III, *et al.*,

       Defendants.

On October 30, 2017, the plaintiff, Kevin Ashby, commenced this action alleging several claims against multiple defendants under state and federal law. *See* Docket Item 1. Among them were claims against the United Frontier Mutual Insurance Company ("United Frontier") and its Vice President/Claims Administrator, Jean Petronio, in connection with Ashby's submission of a property loss claim under his insurance policy. *Id.* at 2, 12. On December 4, 2019, this Court consolidated that action with two other pending actions. Docket Item 6. And on March 9, 2020, this Court referred the consolidated action to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 18.

On November 3, 2020, United Frontier and Petronio moved for judgment on the pleadings. Docket Item 46. Despite a text order setting a briefing schedule, Docket Item 47, Ashby never responded, *see* Docket Item 52. Nevertheless, Judge McCarthy recognized that he still was obligated to analyze and address the sufficiency of the complaint on the merits and could not "automatically dismiss the complaint" simply because the plaintiff failed to respond. Docket Item 55 at 1-2.

On December 23, 2020, Judge McCarthy issued a Report and Recommendation ("R&R") analyzing the issues on the merits and finding that the defendants' motion should be granted. *Id.* at 1-5. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the complaint and the defendants' motion. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to grant the motion to dismiss.

For the reasons stated above and in the R&R, the defendants' motion for judgment on the pleadings, Docket Item 46, is GRANTED, and the complaint, Docket Item 1, is dismissed with prejudice as to defendants United Frontier and Petronio. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of March 9, 2020, Docket Item 18.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *See Coppedge v. United States,* 369 U.S. 438 (1962).

Ashby must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   January 29, 2021
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE