UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN ASHBY,

       Plaintiff,

v.

JAMES A. MURPHY, III, *et al.*,

       Defendants.

17-CV-1099-LJV-JJM
DECISION & ORDER

---

On October 30, 2017, the *pro se* plaintiff, Kevin Ashby, commenced this action under 42 U.S.C. § 1983 and various other federal and state laws.[1]  Docket Item 1. Ashby says that Joel M. Grundy and Holly E. Sloma (the "County defendants"); James A. Murphy, III, and Joseph Abraham (the "State defendants"); and Michael J. Violante violated his constitutional rights when they investigated and prosecuted Ashby for perpetrating an insurance fraud scheme.[2]  *See id.*

On March 9, 2020, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 18.  On June 3, 2022, the County and State defendants moved for summary judgment.  See Docket Items 72, 73.  On June 27, 2022, Ashby responded to the County and State defendants' motions, *see* Docket Item 75; four days later, the

---

[1] Ashby also brought two separate cases involving similar facts, which this Court consolidated into this case.  *See* Docket Item 6.

[2] This Court previously dismissed Ashby's claims against the other defendants in this case.  *See* Docket Items 6, 42, 56.

County and State defendants replied, *see* Docket Items 78, 79.  The parties then filed supplemental briefing on the motions.  *See* Docket Items 80-85.

On November 28, 2022, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the County and State defendants' motions should be granted and recommending that Ashby's claims against Violante be dismissed for failure to effect service.  *See* Docket Item 86.  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to grant the County and State defendants' motions.[3]

---

[3] As Judge McCarthy explained, Ashby's conviction for third-degree insurance fraud and third-degree attempted grand larceny precludes any malicious prosecution claim related to those charges.  *See* Docket Item 86 at 17.  Ashby also was charged with, but not indicted for, falsifying business records in the first degree.  *See id.* at 3.  But he cannot maintain a separate malicious prosecution claim related to that charge because he has not offered any nonconclusory allegations suggesting that the charge was "commenced (or continued) in the absence of probable cause."  *See Rothstein v. Carriere*, 373 F.3d 275, 292 (2d Cir. 2004); *see also McLennon v. City of New York*, 171 F. Supp. 3d 69, 93-94 (E.D.N.Y. 2016) ("[T]he lack of probable cause is an element of

Moreover, as Judge McCarthy explained, Ashby has not served Violante despite multiple extensions of time to do so.  Nor did Ashby object to Judge McCarthy's recommendation to dismiss the claims against Violante—for example, by showing good cause for his failure to effect service.  Ashby's claims against Violante therefore are dismissed for failure to effect service.

For the reasons stated above and in the R&R, the County and State defendants' motions for summary judgment, Docket Items 72 and 73, are GRANTED, and Ashby's claims against Violante are DISMISSED for failure to effect service.  The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  Ashby must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

[a] malicious prosecution claim."").  As detailed in the R&R, Ashby submitted false insurance claims and ultimately was convicted of insurance fraud and attempted grand larceny for that conduct.  *See* Docket Item 86 at 2-4.  Those uncontested facts are sufficient to establish probable cause to charge Ashby with falsifying business records in the first degree.  *See, e.g.*, *Lenhard v. Dinallo*, 2011 WL 4592804, at *10 (N.D.N.Y. Sept. 30, 2011) ("[It was] reasonable for a prudent person to believe that Plaintiffs attempted to defraud [the insurance company] by intentionally submitting proofs of loss and contents lists that contained false information in violation of New York Penal Law § 175.10 (Falsifying Business Records in the First Degree).").  Therefore, Ashby has not raised a viable malicious prosecution claim with respect to any of the charges lodged against him.

SO ORDERED.

Dated:     January 5, 2023
              Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE